

**United States Equal Employment Opportunity Commission**
Philadelphia District Office
21 S. 5ᵗʰ Street, Suite 400
Philadelphia, PA 19106
(215) 440-2619

**Marisol Ramos, Trial Attorney**
<u>Counsel for Plaintiff</u>

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** )<br>      **Plaintiff,** )<br> )<br> **and** )<br> )<br> **JOYCE JOHNSON-CLAYTER,** )<br> )<br>      **Intervenor** )<br> )<br> **v.** )<br> )<br> **ALLSTATE INSURANCE COMPANY,** )<br> )<br>      **Defendant.** )<br>—————————————————— ) | **Civil Action No. 04-3331 (PBT)**<br><br><br>**FILED FEB – 8 2007** |

## <u>CONSENT DECREE</u>

A.    This action was instituted by the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") on or about September 1, 2004, against Allstate Insurance Company under Title VII of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991 ("Title VII"). The EEOC alleged that Defendant Allstate Insurance Company, ("Allstate" or "Defendant"), discriminated against Joyce Johnson-Clayter because of her race, Black, by terminating her employment as a Customer Service Representative for alleged performance problems, while similarly situated employees who had similar or identical problems

1

were not discharged. The EEOC alleged that Johnson Clayter suffered lost wages, emotional distress, and other damages.

B.     This Consent Decree is entered into by the EEOC and Defendant.  This Consent Decree shall be final and binding between the EEOC and Defendant, its directors, officers, agents, employees, successors or assigns and all persons in active concert or participation with it.

C.     The Commission and Defendant do hereby agree to the entry of this Consent Decree, which shall fully and finally resolve all claims which were raised by the EEOC in the Complaint in Civil Action No. 04-CV-3331.  This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission of a violation of Title VII by Defendant, which has denied all liability.

## CONSENT DECREE

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED and DECREED that:

## NON-DISCRIMINATION AND NON-RETALIATION

1.     This Court has jurisdiction over the parties and the subject matter of this action.

2.     Defendant agrees that it will not discriminate on the bases of race and/or retaliation.

3.     Defendant shall not divulge, except as required by law, to any employer or potential employer of Joyce Johnson-Clayter, any of the facts or circumstances related to the charge of discrimination against Defendant, or any of the events relating to her participation in the litigation of this matter.

4.     Allstate shall expunge from the personnel file of Joyce Johnson-Clayter any documents, pleadings, correspondence and related papers pertaining to the charge of discrimination filed by Ms. Johnson-Clayter with the Commission.

5.     Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant under Title VII or the EEOC's authority to process or litigate any charge of discrimination that may be filed against Allstate in the future, except as it relates to the charge filed by Johnson-Clayter that formed the basis of the instant litigation.

## MONETARY RELIEF

6.     Defendant agrees to pay monetary relief in the total amount of $115,000 to Joyce Johnson-Clayter, in full settlement of the claims against Defendant which were raised in the Commission's Complaint and the Complaint filed by Joyce Johnson-Clayter.  The parties agree that this amount shall be designated as follows for tax reporting purposes:  $10,000, less any applicable withholdings and deductions, for economic damages asserted by Joyce Johnson-Clayter and the EEOC, which will be reported to the Internal Revenue Service ("IRS") on a Form W-2 issued to Joyce Johnson-Clayter; $105,000 for non-economic damages asserted by Joyce Johnson-Clayter and the EEOC, including reimbursement of attorneys' fees, which will be reported to the IRS through a Form 1099 issued to Joyce Johnson-Clayter and Jeffrey R. Elliott, Esquire and Kozloff Stoudt, her attorneys.  In order to receive the monetary relief, Ms. Johnson-Clayter must first execute a settlement agreement and release to be forwarded by Defendant to Johnson-Clayter's private attorney.  The settlement check will be paid within ten (10) business days after expiration of the seven (7)-day revocation period outlined in the agreement entered into between Defendant and Ms. Johnson-Clayter.

## POSTING OF NOTICE

8.     Within ten (10) business days after entry of this Decree, or as soon as practicable, Allstate shall post a same-sized copy of the Notice attached as Exhibit A to this Decree on the human resources bulletin board located at its Reading, Pennsylvania facility.  The notice shall

remain posted for eighteen (18) months from the date of entry of this Decree. Counsel for Allstate shall provide a copy of the Notice, and state the date and location of its posting, to the EEOC's Philadelphia District Office, attention, Marisol Ramos, Trial Attorney, within ten (10) days of the posting. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Should the posted copy become defaced, removed, marred, or otherwise illegible, Allstate agrees to as soon as practicable post a readable copy in the same manner as hereto specified.

## NON-DISCRIMINATION COMPLAINT PROCEDURES

9.    Allstate shall ensure that its policy or policies against discrimination and retaliation and related complaint procedures meet the following minimum criteria:

(a)    Include a complaint procedure designed to encourage employees to come forward with complaints regarding violations of its policy or policies against discrimination and retaliation, which shall meet the following minimum criteria: (i) provide effective mechanism(s) for reporting incidents of discrimination and retaliation; (ii) provide that the complaints of discrimination and/or retaliation can be made either in writing or verbally; (iii) identify employees to whom an employee can make a complaint; (iv) encourage prompt reporting by employees; and (vii) provide assurances that complainants shall not be subjected to retaliation;

(b)    Provide for prompt investigation of complaints of discrimination and/or retaliation;

(c)    Provide for prompt communication to the complaining party of the results of the investigation and any remedial actions taken or proposed; and

(d)    Provide for discipline up to and including discharge of an employee or supervisor who violates Allstate's policy or policies against discrimination and retaliation.

4

10.    Allstate shall distribute (or make available electronically) to all of its employees and newly-hired employees at its Reading, Pennsylvania facility, its policy or policies against discrimination and retaliation within ninety (90) days after entry of this Consent Decree.

## TRAINING

11.    Defendant shall provide training on the requirements of Title VII on the following terms:

a.    Defendant agrees to provide training to all of its managers and supervisors at the Reading, Pennsylvania facility on an employee's rights under Title VII, and the employer's obligations under Title VII, with an emphasis on what constitutes unlawful and differential treatment of minority employees in the workplace, how to keep Defendant free of such forms of discrimination, and what constitutes unlawful retaliation;

b.    Defendant shall provide training in accordance with Paragraph 11(a) by no later than January 1, 2008.

12.    Allstate shall certify to the EEOC in writing within fifteen (15) business days after the training sessions have occurred that the training has taken place and that the required personnel have attended.

## DISPUTE RESOLUTION

13.    In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within ten (10) days of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied.  If the alleged

non-complying party has not remedied the alleged non-compliance within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## <u>MISCELLANEOUS PROVISIONS</u>

14.     Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

15.     This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in the Civil Action No. 04-CV-3331.

16.     This Consent Decree shall be filed in the United States District Court for the Eastern District of Pennsylvania and shall continue to be in effect for a period of two (2) years. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than thirty (30) days notice to the other party.

17.     The Court retains jurisdiction over this case for the duration of the Consent Decree in order to enforce the terms of the Consent Decree.

18.     The Clerk of the District Court is hereby directed to send a file-stamped copy of this Consent Decree to counsel of record.

For Plaintiff EEOC:

Ronald S. Cooper
General Counsel

Gwendolyn Young Reams
Associate General Counsel
Washington, D.C.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Jacqueline H. McNair
Regional Attorney

Judith A. O'Boyle
Supervisory Trial Attorney

Marisol Ramos
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106

**IT IS ORDERED:**


**BY THE COURT:** _____

UNITED STATES DISTRICT JUDGE

For Defendant Allstate Insurance

Daniel V. Johns, Esq.
Ballard Spahr Andrews & Ingersoll
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

# ENTERED

FEB - 9 2007

## CLERK OF COURT

DATE: _2/7/07_

## EXHIBIT A

## NOTICE TO ALL ALLSTATE INSURANCE COMPANY EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the Federal Court in <u>EEOC v. Allstate Insurance Company</u>, Civil Action Number 04-3331 (E.D. Pa), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Allstate Insurance Company ("Allstate").

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, <u>et seq.</u>, as amended, ("Title VII"), prohibits discrimination against employees and applicants for employment based upon race, color, sex, religion or national origin. Title VII further prohibits retaliation against employees or applicants who avail themselves of their rights under Title VII by engaging in protected activities, such as opposing employment practices believed to be discriminatory, filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is a federal agency that investigates charges of unlawful employment discrimination. The EEOC has authority to bring lawsuits in Federal Court to enforce Title VII.

In its lawsuit, the EEOC alleged that Allstate discriminated against an employee because of her race, Black. Allstate denies these allegations.

To resolve the case, Allstate has agreed to comply with its obligations under Title VII, and its non-discrimination policies, not to discriminate on the basis of race and not to retaliate against any person because she or he opposed any practice made unlawful by Title VII, filed a charge of discrimination, or participated in any Title VII proceeding. Allstate also provided monetary relief to the employee.

If you believe you have been discriminated against, you may make a complaint under Allstate's policy or you may contact the EEOC at (215) 440-2600. The EEOC charges no fees and has employees who speak languages other than English.

### <u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE</u>

**Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Philadelphia District Office, 21 South 5th Street, Philadelphia, PA 19106.**

By: _Jacqueline M. McNair_ (JMB)
For:    Equal Employment Opportunity
        Commission

By: _____
For:    Allstate Insurance Company